In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of GWENDOLYN CLARKE, Respondent, v PAUL K. CLARKE, Appellant. [748 NYS2d 515] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Jamieson, J.), dated December 5, 2000, which, in effect, sua sponte, vacated so much of an order of the same court, entered September 20, 1999, as stayed the commencement of a proceeding before the New York State Board of Regents pursuant to Family Court Act § 458-b and Education Law § 6509-b to suspend his license to practice medicine, and directed the proceeding to commence.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The Family Court should have scheduled a hearing before, in effect, vacating so much of its prior order, entered September 20, 1999, as stayed the commencement of a proceeding before the New York State Board of Regents to suspend the appellant's license to practice medicine for his willful failure to pay court-ordered child support arrears, and directing the proceeding to commence (*see* Family Ct Act § 458-b [a]; Education Law

§ 6509-b). Family Court Act § 458-b (c) requires that the appellant be given an opportunity to present proof that he is in full compliance with his support obligation prior to vacating a stay of the commencement of a proceeding suspending his license.

In this case, however, the Family Court's failure to hold a hearing before vacating the stay of commencement of a proceeding for the suspension of the appellant's license was harmless and does not warrant a remittal. The appellant now admits that he was not in compliance with his support obligation. He does not seek an opportunity to present proof that he was in compliance, but instead, seeks review of matters which should have been, but were not, raised on appeal from the order dated September 20, 1999. Such matters are not properly before this Court on this appeal. Altman, J.P., McGinity, Townes and Crane, JJ., concur.